

Diane M. Puckhaber, Rogers & Puckhaber, Charles G. Douglas III, Douglas & Douglas, Concord, N.H., Special Counsel, for DIP

Jennifer Rood, Backus, Meyer & Solomon, Manchester, N.H., for FDIC (Capitol Bank).

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This Court conducted a hearing on a motion for stay relief brought by the FDIC at hearing held on June 19, 1992, which while scheduled for one-hour has consumed approximately two hours. The Court's crowded calendar has not permitted anymore time for the hearing than the two hours given and under the provisions of the Bankruptcy Code, this Court is mandated to rule promptly on all stay relief motions. Bearing those considerations in mind and having considered further the evidence received today and the extensive argument of counsel and offers of proof, the court rules as follows on the present motion for stay relief:

The movant FDIC has established that there is lack of equity in the subject real property, but the debtor in my judgment has established that there is a need to retain the property for an effective reorganization. That need on the part of the debtor has been established at least to the extent that the debtor has shown that it should have a chance to put a plan on the table so to speak so that its' calculations

## In re MEADOWVIEW ASSOCIATES, INC., Debtor.

### Bankruptcy No. 92–671.

United States Bankruptcy Court,
D. New Hampshire.

June 23, 1992.

and projections, etcetera can be tested in more detail as to the feasibility of such a plan.

Without presently finally determining such matters I will make tentative findings at this time, for present purposes only, that the debtor has shown that the property in question is a prime developmental rental property, or for future condominium development and sales, being located on the Massachusetts border easily accessible to a major highway and having a history of very low vacancy rates. At present the project is essentially fully rented. The project in its existing state includes 11 town houses and 24 condominiums which are rented. The record further establishes that one more town house can be put into rental shortly with minimal expense and that three more town houses can be put into rental condition by an expenditure of $5,000 each that would themselves produce $850 monthly rental amounts.

The record presently before me also indicates that with minimal further permitting activity the debtor if it had the requisite financing or an appropriate reorganization plan restructuring its secured liabilities would be able to complete 48 more units on the project. From what I've heard so far, in the limited time available, it would appear to me that the debtor at least has an arguable basis to file a plan on the basis of outside financing that might prime the existing first mortgage lien on an appropriate and required showing for that purpose or might be able to present a plan that on a cramdown basis would restructure its financial obligations to the FDIC at a level that could be funded with a lessor outside financing.

These comments of course are only for present purposes and in no way will constitute final determinations in terms of any confirmation hearing that may come up in this case or any further stay relief hearings that will come up in accordance with the further provisions of this order.

I recognize in making this order that the FDIC in today's hearing has not had an opportunity to cross examine the one witness whose testimony was taken on cash flow indicating a positive cash flow in excess of $8,000 per month in the existing situation. However, my further provisions of this order will test that representation as to cash flow more positively than more testimony since I'm going to require some of the surplus used as adequate protection to the FDIC.

On July 1, 1992, and on the first of each month thereafter, the debtor in possession is hereby ordered to pay $5,000 against the outstanding real property taxes until further order of this Court as adequate protection to the FDIC movant. The debtor is further directed to confirm this payment to the FDIC by appropriate means as each payment is made. If the debtor fails to comply with the provisions of this paragraph, the FDIC can obtain quick stay relief without further hearing under Local Bankruptcy Rule 12.

Notwithstanding the prior provisions of this order, and in addition thereto, the FDIC on or after September 1, 1992, shall have leave to file a new motion for stay relief under § 362 of the Bankruptcy Code and the calendar clerk is directed to specially set such motion for an expedited hearing if (1) the debtor's plan of reorganization is not filed by then; or (2) if the plan as filed in the FDIC's judgment still does not amount to an effective reorganization possibility within the standards that define the term effective reorganization, i.e., "a reasonable possibility of a successful reorganization within a reasonable time." *United Savings Ass'n. v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988), *quoting In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 370 (5th Cir.1987) (en banc).

The court in reaching this ruling is not relying in any way upon the allegations by the debtor as to the violations by the FDIC of its own procedures, regulations, and/or statutory provisions as contained in the debtor's response to this motion for relief. Moreover this court will not entertain those contentions in response to any new section 362 motion by the FDIC in accordance with its prior rulings in *In re Gellert*, 55 B.R. 970, (1985); and *In re 200 Woodbury Realty Trust*, 99 B.R. 184 (Bankr.D.N.H.1989).

.. 

**608**

As those decisions hold, and illustrate, these kinds of affirmative defenses or counterclaims and/or requests for injunctive relief should be part of a separate adversary proceeding filed before any stay relief is effective. In other words if the FDIC does see fit to file a new motion for stay relief, in accordance with the terms of this order, and if the debtor before any granting of stay relief in that § 362 proceeding is effective has not obtained appropriate injunctive relief in a separate adversary proceeding raising the extraneous issues (extraneous as to § 362) the stay relief will be effective and the FDIC would be in a position to proceed with foreclosure.

DONE and ORDERED.